M/D-4

IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
_____ DIVISION

RECEIVED
2006 OCT 19  P 2:43

DEBRA P. HACKETT, CLK
U.S. DISTRICT COURT
MIDDLE DISTRICT ALA

Lucille Hall
6124 Fuller Road
Montgomery, Alabama 36110 )
**Plaintiff**

v.

Genpak of Montgomery
3255 Thomason Avenue
Montgomery, Alabama 36108 )
**Defendant(s)**

2:06-CV-946-MHT

## COMPLAINT

1. Plaintiff resides at  6124 Fuller Road; Montgomery, Al. 36110

2. Defendant(s)' name(s) Larry King, John Hudson, Emily Spivey Reese, Fred McKenny, Charles Woods, James Berry, Scott Hudson, Charles McMeans, Greg Stroup, Marty Martin, Vincent Temple, Peggy Givens, Mary Hooks.
   Location of principal office(s) of the named defendant(s) Genpak of Montgomery, 3255 Thomason Avenue; Montgomery 36108  (334) 264-5927 in the Paper Department and Supervision

   Nature of defendant(s)' business  Paper & Plastic containers

   Approximate number of individuals employed by defendant(s)  150-200

3. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 for employment discrimination. Jurisdiction is specifically conferred on the Court by 42 U.S.C. § 2000e-5. Equitable and other relief are also sought under 42 U.S.C. § 2000e-5(g).

4. The acts complained of in this suit concern:

   1. ___ Failure to employ me.
   2. _X_ Termination of my employment.
   3. ___ Failure to promote me.
   4. _X_ Other acts as specified below: Race, sex, retaliation discrimination

1

5. Plaintiff is:
   A. \_\_\_\_ Presently employed by the defendant.
      _X_ Not presently employed by the defendant. The dates of employment were
      June 15, 2004 - 17 March 2006. Employment was terminated because:

      (1) _X_ Plaintiff was discharged.
      (2) \_\_\_\_ Plaintiff was laid off.
      (3) \_\_\_\_ Plaintiff left job voluntarily.

6. Defendant(s)' conduct is discriminatory with respect to the following:

   A. _X_ My race.
   B. \_\_\_\_ My religion.
   C. _X_ My sex. 7½ & prior
   D. \_\_\_\_ My national origin.
   E. _X_ Other, as specified below: retaliation while pregnant with my son Samarion Declue McMeans - now 4 months old.

7. The name(s), race, sex, and the position or title of the individual(s) who allegedly discriminated against me during the period of my employment with the defendant company is (are) Johnny Hudson - white male supervisor, James Berry, Scott Hudson, white male supervisor, Charles Woods - black male supervisor, Larry King - white male manager, Emily Spivey white Human Resource, Peggy Givens, Mary Hooks - black female co-workers, Marty Martin, Greg Stroup white male co-operators

8. The alleged discrimination occurred on or about June 2004 - March 7 & 13, 2006.

9. The nature of my complaint, i.e., the manner in which the individual(s) named above discriminated against me in terms of the conditions of my employment, is as follows: While pregnant Sexual Harassment by Charles Woods, Marty Martin, Greg Stroup, and Johnny Hudson, Scott Hudson. Pregnancy discrimination by Larry King, Johnny Hudson, Charles McMeans, Emily Spivey; Retaliation discrimination by Johnny Hudson, Larry King, Emily Spivey, Mary Hooks, Peggy Givens. Race discrimination by Larry King, Johnny Hudson, and Emily Spivey Charges were brought to EEOC and I was given a right to sue by them to further pursue the matter because I could have miscarried my son due to the trauma I endured I am suffering from hormonal embalances but I am a survivor.

10. The alleged illegal activity took place at Genpak of Montgomery 3355 Thomason Avenue, Montgomery, AL 36108

2

11. I filed charges with the Equal Employment Opportunity Commission regarding defendant(s)' alleged discriminatory conduct on or about _April 2006_.
I have attached a copy of the Notice-of-Right-to-Sue letter issued by the Equal Employment Opportunity Commission. This letter was received by me on _August 21, 2006_

12. I seek the following relief:

   A. ✓ Recovery of back pay.
   B. ✓ Reinstatement to my former job,
   and any other relief as may be appropriate, including injunctive orders, damages, costs, and attorney's fees.

Date: _October 19, 2006_

_Lucille Hall_
Signature of Plaintiff
_6124 Fuller Road_
_Montgomery, Alabama 36110_
_(334) 272-0633 or cell (334) 328-8581_
Address & Telephone Number of Plaintiff

3

## DISMISSAL AND NOTICE OF RIGHTS

| To: | Lucille W. Hall<br>6124 Fuller Road<br>Montgomery, AL  36110 | From: | Birmingham District Office<br>Ridge Park Place<br>1130 22nd Street, South, Suite 2000<br>Birmingham, AL 35205-1130 |
|---|---|---|---|

☐ On behalf of person(s) aggrieved whose identity is CONFIDENTIAL (29 CFR § 1601.7(a))

| EEOC Charge No. | EEOC Representative | Telephone No. |
|---|---|---|
| 420 2006 02271 | Devoralyn J. McGhee, Investigator | (205) 212-2070 |

THE EEOC IS CLOSING ITS FILE ON THIS CHARGE FOR THE FOLLOWING REASON:

☐ The facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC.

☐ Your allegations did not involve a disability as defined by the Americans with Disabilities Act.

☐ The Respondent employs less than the required number of employees or is not otherwise covered by the statues.

☐ Your charge was not timely filed with EEOC; in other words, you waited too long after the date(s) of the alleged discrimination to file your charge.

☐ Having been given 30 days in which to respond, you failed to provide information, failed to appear or be available for interviews/conferences, or otherwise failed to cooperate to the extent that it was not possible to resolve your charge.

☐ While reasonable efforts were made to locate you, we were not able to do so.

☐ You were given 30 days to accept a reasonable settlement offer that affords full relief for the harm you alleged.

☒ The EEOC issues the following determination: Based upon its investigation, the EEOC is unable to conclude that the information obtained establishes violations of the statutes. This does not certify that the respondent is in compliance with the statutes. No finding is made as to any other issues that might be construed as having been raised by this charge.

☐ The EEOC has adopted the findings of the state or local fair employment practices agency that investigated this charge.

☐ Other (briefly state)

### - NOTICE OF SUIT RIGHTS -
(See the additional information attached to this form.)

**Title VII, the Americans with Disabilities Act, and/or the Age Discrimination in Employment Act:** This will be the only notice of dismissal and of your right to sue that we will send you. You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS** of your receipt of this Notice; or your right to sue based on this charge will be lost. (The time limit for filing suit based on a state claim may be different.)

**Equal Pay Act (EPA):** EPA suits must be filed in federal or state court within 2 years (3 years for willful violations) of the alleged EPA underpayment. This means that backpay due for any violations that occurred more than 2 years (3 years) before you file suit may not be collectible.

On behalf of the Commission

_____
Bernice Williams-Kimbrough, District Director

3 1 JUL 2006
(Date Mailed)

Enclosure(s)

cc: Dwayne G. Zuhlke, Director, HR

Enclosure with EEOC
Form 161 (3/98)

## INFORMATION RELATED TO FILING SUIT
## UNDER THE LAWS ENFORCED BY THE EEOC

*(This information relates to filing suit in Federal or State court under Federal law.
If you also plan to sue claiming violations of State law, please be aware that time limits and other
provisions of State law may be shorter or more limited than those described below.)*

**PRIVATE SUIT RIGHTS -- Title VII of the Civil Rights Act, the Americans with Disabilities Act (ADA), or the Age Discrimination in Employment Act (ADEA):**

In order to pursue this matter further, you must file a lawsuit against the respondent(s) named in the charge **within 90 days** of the date you *receive* this Notice. Therefore, you should **keep a record of this date**. Once this 90-day period is over, your right to sue based on the charge referred to in this Notice will be lost. If you intend to consult an attorney, you should do so promptly. Give your attorney a copy of this Notice, and its envelope, and tell him or her the date you received it. Furthermore, in order to avoid any question that you did not act in a timely manner, it is prudent that your suit be filed **within 90 days of the date this Notice was *mailed* to you** (as indicated where the Notice is signed) or the date of the postmark, if later.

Your lawsuit may be filed in U.S. District Court or a State court of competent jurisdiction. (Usually, the appropriate State court is the general civil trial court.) Whether you file in Federal or State court is a matter for you to decide after talking to your attorney. Filing this Notice is not enough. You must file a "complaint" that contains a short statement of the facts of your case which shows that you are entitled to relief. Your suit may include any matter alleged in the charge or, to the extent permitted by court decisions, matters like or related to the matters alleged in the charge. Generally, suits are brought in the State where the alleged unlawful practice occurred, but in some cases can be brought where relevant employment records are kept, where the employment would have been, or where the respondent has its main office. If you have simple questions, you usually can get answers from the office of the clerk of the court where you are bringing suit, but do not expect that office to write your complaint or make legal strategy decisions for you.

**PRIVATE SUIT RIGHTS -- Equal Pay Act (EPA):**

EPA suits must be filed in court within 2 years (3 years for willful violations) of the alleged EPA underpayment: back pay due for violations that occurred **more than 2 years (3 years)** before you file suit may not be collectible. For example, if you were underpaid under the EPA for work performed from 7/1/00 to 12/1/00, you should file suit before 7/1/02 – not 12/1/02 -- in order to recover unpaid wages due for July 2000. This time limit for filing an EPA suit is separate from the 90-day filing period under Title VII, the ADA or the ADEA referred to above. Therefore, if you also plan to sue under Title VII, the ADA or the ADEA, in addition to suing on the EPA claim, suit must be filed within 90 days of this Notice and within the 2- or 3-year EPA back pay recovery period.

**ATTORNEY REPRESENTATION -- Title VII and the ADA:**

If you cannot afford or have been unable to obtain a lawyer to represent you, the U.S. District Court having jurisdiction in your case may, in limited circumstances, assist you in obtaining a lawyer. Requests for such assistance must be made to the U.S. District Court in the form and manner it requires (you should be prepared to explain in detail your efforts to retain an attorney). Requests should be made well before the end of the 90-day period mentioned above, because such requests do not relieve you of the requirement to bring suit within 90 days.

**ATTORNEY REFERRAL AND EEOC ASSISTANCE -- All Statutes:**

You may contact the EEOC representative shown on your Notice if you need help in finding a lawyer or if you have any questions about your legal rights, including advice on which U.S. District Court can hear your case. If you need to inspect or obtain a copy of information in EEOC's file on the charge, please request it promptly in writing and provide your charge number (as shown on your Notice). While EEOC destroys charge files after a certain time, all charge files are kept for at least 6 months after our last action on the case. Therefore, if you file suit and want to review the charge file, **please make your review request within 6 months of this Notice**. (Before filing suit, any request should be made within the next 90 days.)

*IF YOU FILE SUIT, PLEASE SEND A COPY OF YOUR COURT COMPLAINT TO THIS OFFICE.*

U.S. EQUAL EMPLOYMENT OPPORTUNITY COMMISSION
BIRMINGHAM DISTRICT OFFICE
RIDGE PARK PLACE - SUITE 2000
1130 22ND STREET, SOUTH
BIRMINGHAM, ALABAMA 35205

OFFICIAL BUSINESS
Penalty for private use $300