IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUCILLE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) CIVIL ACTION NO. 2:06CV946-MHT |
| | ) (WO) |
| GENPAK OF MONTGOMERY, et al., | ) |
| | ) |
| Defendants. | ) |

**ORDER AND RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff has filed a motion seeking to proceed *in forma pauperis* in this action (Doc. # 2). Upon consideration of the motion, it is

ORDERED that the motion to proceed *in forma pauperis* is GRANTED. Upon review of the complaint filed in this case, the court concludes that dismissal of the complaint prior to service of process is appropriate – as to the individual defendants – under 28 U.S.C. § 1915(e)(2)(B).[1]

Plaintiff brings this action pursuant to Title VII of the Civil Rights Act of 1964, asserting claims of retaliation and discrimination on the basis of race and sex. In the style of her complaint, she lists only Genpak of Montgomery as the defendant. In the body of the complaint, she lists thirteen individual defendants. However, Title VII does not provide a cause of action against individuals. "The relief granted under Title VII is against the

---

[1] The statute provides, in pertinent part: "[T]he court shall dismiss the case at any time if the court determines that . . . the action or appeal– (i) is frivolous or malicious, (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B).

employer, not individual employees whose actions would constitute a violation of the Act." Busby v. City of Orlando, 931 F.2d 764, 772 (11th Cir. 1991). Accordingly, plaintiff's claims against the individual defendants are due to be dismissed.

Additionally, plaintiff's complaint includes only conclusory allegations of violations of law. She contends that she was discriminated against because of her race and sex (including her pregnancy), that defendant retaliated against her while she was pregnant, and that she was sexually harassed. Although plaintiff names the individuals who allegedly harassed her, discriminated against her, and retaliated against her, she does not include any factual allegations in support of her claims.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that plaintiff's claims be DISMISSED as to all of the individual defendants (King, J. Hudson, Reese, McKenny, Woods, Berry, S. Hudson, McMeans, Stroup, Martin, Temple, Givens, and Hooks).

Additionally, it is ORDERED that plaintiff is DIRECTED to file an amendment to her complaint, **on or before November 6, 2006**, to clearly state her claims against the remaining defendant, Genpak of Montgomery. The amended complaint must include facts in support of each of her claims and must present each claim for relief in a separate count. Plaintiff must set forth her discrimination, retaliation and sexual harassment claims in separate counts. Each count must contain all of the factual allegations – and only those factual allegations – which support that particular claim for relief and may not incorporate previous allegations by reference. Plaintiff is advised that if she fails to file an amended complaint as set forth

above within the time allowed by the court, the undersigned Magistrate Judge may recommend dismissal of this action.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file any objections to this Recommendation on or before November 6, 2006. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 24th day of October, 2006.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE