IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHEN DIVISION

| | |
|---|---|
| LUCILLE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) CIVIL ACTION NO.: 2:06CV946-MHT(WO) |
| | ) |
| GENPAK, LLC | ) |
| | ) JURY TRIAL DEMAND |
| Defendant. | ) |

## AMENDED COMPLAINT

### INTRODUCTORY AND JURISDICTIONAL STATEMENT

This is an action seeking principally declaratory and injunctive relief, reinstatement, back pay, compensatory and punitive damages, and other relief to redress discrimination and retaliation in employment on the basis of race and gender. This action is brought pursuant to Title VII of the Civil Rights Act of 1964 and 42 U.S.C. Sections 1981, as both were amended by the Civil Rights Act of 1991, and 42 U.S.C. Section 1981(a), as amended, to obtain equitable relief, the costs of suit, including reasonable attorneys' fees, and an award of back pay and damages suffered by the Plaintiff, due to the Defendant's violation of Title VII, and 42 U.S.C. Section 1981. The Defendant has continuously employed at least fifteen employees.

### PARTIES

I

1. Plaintiff, Lucille Hall, is an African American female, and a resident citizen of Montgomery County, Alabama. She brings this action against Defendant, Genpak LLC as a

result of discrimination and retaliation in employment on the basis of race and gender, resulting in termination of her employment with defendant on March 17, 2006..

2. The Defendant Genpak, LLC. is now and was at all times relevant to these proceedings a Limited Liability Company qualified to do business in the State of Alabama, and is doing business in the County of Montgomery. This Defendant has over 15 full time employees, and is an employer as that term is defined by the Civil Rights Act of 1964, as amended.

## FACTUAL ALLEGATIONS

### II

3. Plaintiff, an African American female, was hired by Defendant, Genpak, LLC as a Machine Operator on June 15, 2004. She was the only female hired into the paper department in which she worked. Plaintiff continued to work for Defendant until she was terminated on March 17, 2006.

4. Since Plaintiff began her employment with Defendant under the supervision of Department Manager, Johnny Hudson, Plaintiff has been harassed and given unwarranted disciplinary actions, and was subsequently terminated.

5. In October of 2005 Plaintiff reported an incident to management where she observed another employee smoking a pipe that Plaintiff thought to be drugs. After reporting the incident the employee was made aware by others that Plaintiff reported the incident and the employee began harassing Plaintiff. Plaintiff was written up that same month as a result of this individual harassing Plaintiff for reporting her to management. Plaintiff complained that this write up was unfair but was written up.

6. In March, 2006 Plaintiff was informed by another employee of Defendant that Hudson wanted her out of his department, and that the males in the department had made bets that she would not last for two weeks as a Machine Operator at the time she had been hired.

7. In March of 2006 Plaintiff while seven and one half months pregnant requested the Defendant to allow her assistance lifting her products off her line. She was refused this request and was instead informed that she should apply for disability leave if she could not perform all of her job. However, the Defendant accommodated other individuals to perform their jobs, but not Plaintiff.

8. That same month, Plaintiff complained to Hudson about being treated differently from white employees as it relates to the above incident and as to Marty Martin, a Machine Operator who worked in the same department to no avail.

9. Plaintiff also complained to management about sexual harassment concerning a male employee, Charles Woods. More specifically Plaintiff complained that Woods would come to work drunk and would make sexual advances at Plaintiff. There was nothing done by management to stop this sexual harassment. Plaintiff even attempted to report this incident directly to the Plant Manager after requesting a meeting with him in early November, 2005, but was instead chastised for writing on his paperwork without his permission.

10. On or about March 7, 2006, Defendant's Department Manager informed Plaintiff who was approximately seven and one half months pregnant that the department was holding mandatory training meeting for all Machine Operators. Plaintiff was scheduled to be off that day. Defendant's Department Manager, Hudson informed Plaintiff that she was required to be in attendance at the meeting. Plaintiff did come in to work that day for the scheduled meeting. Upon arrival Plaintiff met Marty Martin leaving the Defendant's place of business and learned

that Martin was excused from the required meeting. Plaintiff asked Hudson why she was required to come in for this meeting while Martin was not required to be present.

11. Further, Plaintiff learned that once she questioned Hudson as to why she was being treated differently from Martin, she was informed that she needed to watch her back and that Hudson was "gunning" for her.

12. To further complicate matters Plaintiff learned that faulty programs were being placed in the machine she was required to run, in an effort to make Plaintiff struggle with completing her work and to force her to quit. She was also provided packers for her machine who were either unable or unwilling to pack her products, and as such, her production levels would be low.

13. On or about March 13, 2006, Plaintiff reported in to work on her regular shift. Her work area had not be cleaned as required by the prior shift, and the machine had experience a bad run. Plaintiff asked the Shift Supervisor to have the prior Machine Operator, Vincent Ford clean the area, as was procedure. Instead Plaintiff was informed by Ford that the prior shift had left a mess and that he was not going to clean up. Ford's supervisor spoke with him, and Plaintiff returned to the area and began cleaning the machine to get it working properly. Ford then returned to the area and began fussing and cursing at Plaintiff. Plaintiff left the area to keep down confusing, and to allow Ford to complete his work without incident. While at or near the water fountain Plaintiff saw Ford heading out and assumed he had completed clean up of the area. However, when Plaintiff returned to her area she found it in disarray and, as such, Plaintiff, following company policy then refused the shift.

14. On March 17, 2006, Plaintiff was informed that she was being terminated because of the October 2005 write up and the March 13, 2006 incident with Ford.

15. Plaintiff contends that her termination, was retaliation for her questioning why she was being treated differently from other white employees of Defendant, her complaining about race and gender discrimination and sexual harassment, and as such, that said discrimination and retaliation were motivated by racial and gender concerns on the part of the Defendant.

## EXHAUSTION OF ADMINISTRATIVE REMEDIES

### III

16. Plaintiff Hall submitted a Charge of Discrimination with Equal Employment Opportunity Commissions' Regional Office in Birmingham, Alabama, and has now received her Notice of Rights. She files this complaint within ninety (90) days of her receipt of said Notice, and has therefore exhausted her administrative remedies.

## COUNT I

### Race Discrimination In Violation of Title VII and U.S.C. Section 1981

17. Plaintiff repeats, re-alleges, and incorporate by reference paragraphs 1 through 16 above, the same as if more fully set out herein, and further alleges that Defendant's actions toward her prevented her from employment free of race discrimination.

18. Due to its actions as stated above, Defendant, Genpak, LLC discriminated against Plaintiff, Lucille Hall, on the basis of her race, in violation of Title VII of the Civil Rights Act of 1964, as amended.

19. Due to its actions as stated above, Defendant, Genpak, LLC discriminated against Plaintiff, Lucille Hall, on the basis of her race, in violation of 42 U.S.C. Section 1981, as amended.

## Count II

### Sexual Harassment in Violation of Title VII

20. Plaintiff repeats, re-alleges, and incorporate by reference paragraphs 1 through 19 above, the same as if more fully set out herein, and further alleges that Defendant's actions toward her prevented her from employment free of sexual harassment.

21. Due to its actions as stated above, Defendant Genpak, LLC discriminated against Plaintiff, allowed her to be sexually harassed and ignored sexual harassment claims all, in violation of 42 U.S.C. Section 1981, as amended.

22. Due to its actions as stated above, Defendant, Genpak, LLC discriminated against Plaintiff Lucille Hall and allowed her to be sexually harassed and ignored sexual harassment claims in violation of the Civil Rights Act of 1964, as amended.

## Count III

### Gender Discrimination In Violation of Title VII and U.S.C. Section 1981

23. Plaintiff repeats, re-alleges, and incorporate by reference paragraphs 1 through 19 above, the same as if more fully set out herein, and further alleges that Defendant's actions toward her prevented her from employment free of gender discrimination.

24. Due to its actions as stated above, Defendant, Genpak, LLC discriminated against Plaintiff, Lucille Hall, on the basis of her gender, in violation of Title VII of the Civil Rights Act of 1964, as amended.

25. Due to its actions as stated above, Defendant, Genpak, LLC discriminated against Plaintiff, Lucille Hall, on the basis of her gender, in violation of 42 U.S.C. Section 1981, as amended.

## **PRAYER FOR RELIEF**

WHEREFORE, Plaintiff demands judgment against the Defendant as follows:

(a) A declaratory judgment that Defendant Genpak, LLC unlawfully discriminated against Plaintiff on the basis of her race, in violation of 42 U.S.C. Section 1981, as amended.

(b) A declaratory judgment that Defendant, Genpak, LLC unlawfully discriminated against Plaintiff on the basis of her race, in violation of the Civil Rights Act of 1964, as amended.

(c) A declaratory judgment that Defendant Genpak, LLC unlawfully discriminated against Plaintiff and allowed her to be sexually harassed, in violation of 42 U.S.C. Section 1981, as amended.

(d) A declaratory judgment that Defendant, Genpak, LLC unlawfully discriminated against Plaintiff and allowed her to be sexually harassed, in violation of the Civil Rights Act of 1964, as amended.

(e) A declaratory judgment that Defendant Genpak, LLC unlawfully discriminated against Plaintiff on the basis of her gender, in violation of 42 U.S.C. Section 1981, as amended.

(f) A declaratory judgment that Defendant, Genpak, LLC unlawfully discriminated against Plaintiff on the basis of her gender, in violation of the Civil Rights Act of 1964, as amended.

(g) Award Plaintiff the sum of $500,000.00 as compensatory damages, and $500,000.00 as punitive damages for the Defendant's willful misconduct;

(h) Award Plaintiff all back pay and benefits she would have received but for the unlawful acts of the Defendant and order her reinstatement to her former position of Machine Operator, or award Plaintiff front pay in lieu of reinstatement;

(i) Award Plaintiff her costs and expenses in bringing this action, including a reasonable attorney's fee; and,

(j) Award such other alternate relief as the court may deem just and proper.

**Trial By Jury Requested.**

Respectfully submitted,

_____
Janice Spears-Turk (ASB 2195 R69J
Attorney for Plaintiff

OF COUNSEL

LAW OFFICES OF J. D. SPEARS-TURK
2735 Office Park Circle
Montgomery, AL 36116-1143
Telephone: (334) 2740883
Facsimile: (334) 272-3031