IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| LUCILLE HALL, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL ACTION NO. |
| ) | 2:06 CV 946-MHT (WO) |
| GENPAK, L.L.C., ) | |
| ) | |
| Defendant. ) | |

**DEFENDANT'S ANSWER TO PLAINTIFF'S AMENDED COMPLAINT**

**COMES NOW** Defendant, Genpak, L.L.C. ("Genpak" or "Defendant"), by and through its undersigned counsel, and hereby files its Answer in response to Plaintiff Lucille Hall's Amended Complaint by denying each and every allegation of Plaintiff's Amended Complaint except as admitted below and more particularly states as follows:

**INTRODUCTORY AND JURISDICTIONAL STATEMENT**

Defendant admits that this action is brought under Title VII of the Civil Rights Act of 1964, as amended ("Title VII"), and 42 U.S.C. § 1981, as amended ("§ 1981"). Defendant admits that it is subject to the provisions of Title VII and § 1981 and that this Court has jurisdiction over this action under one or more of the cited statutes. Defendant denies that it violated Title VII and denies § 1981 or that Plaintiff is entitled to any relief under these statutes, including but not limited to, equitable relief, costs, reasonable attorney's fees, back pay or damages.

## I. PARTIES

1. Defendant admits that Plaintiff is an African American female. Upon information and belief, Defendant admits that Plaintiff resides in Montgomery County, Alabama. Defendant admits that Plaintiff filed this action against Defendant alleging claims of discrimination and retaliation on the basis of race and gender regarding her employment and termination from Defendant. Defendant admits that Plaintiff was terminated from employment on March 17, 2006 after previous warnings for lack of cooperation and arguing with another employee, but specifically denies that Plaintiff was discriminated or retaliated against in any way during her employment with or termination from Defendant.

2. Defendant admits that it is a L.L.C. qualified to do business in the State of Alabama and doing business in Montgomery County. Defendant further admits that it is an employer for the purposes of Title VII.

## II. FACTUAL ALLEGATIONS

3. Defendant admits that Plaintiff was hired by Defendant on June 15, 2004 as a machine operator in the Thermoforming Department. Defendant admits that Plaintiff's employment was terminated on March 17, 2006 for lack of cooperation and arguing with another employee after receiving previous warnings. Defendant denies the remaining allegations contained in Paragraph 3 of Plaintiff's Amended Complaint.

4. Defendant denies the allegations contained in Paragraph 4 of Plaintiff's Amended Complaint.

5. Defendant admits that in October of 2005 Plaintiff alleged that she witnessed another employee using drugs on the job and her allegation was investigated. Defendant admits that in October of 2005 Plaintiff received a written warning for improper conduct and the destruction of company property. Defendant denies the remaining allegations contained in Paragraph 5 of Plaintiff's Amended Complaint.

6. Defendant denies the allegations contained in Paragraph 6 of Plaintiff's Amended Complaint.

7. Defendant denies the allegations contained in Paragraph 7 of Plaintiff's Amended Complaint.

8. Defendant denies the allegations contained in Paragraph 8 of Plaintiff's Amended Complaint.

9. Defendant denies the allegations contained in Paragraph 9 of Plaintiff's Amended Complaint.

10. Defendant states that prior to March 7, 2006, the Department Manager posted notice regarding a mandatory shift meeting to train all cone machine operators. Defendant admits that the meeting was mandatory and Plaintiff attended the meeting on her day off, as required of others as well. Defendant further admits that when Plaintiff asked why Marty Martin did not have to attend the training, the Department Manager explained numerous times that the training meeting was only for cone machine operators and Mr. Martin operated a soufflé machine. Defendant is without sufficient information to admit or deny the status of Plaintiff's pregnancy

on March 7, 2006 and, therefore, this allegation is denied. Defendant denies the remaining allegations contained in Paragraph 10 of Plaintiff's Amended Complaint.

11.    Defendant denies the allegations contained in Paragraph 11 of Plaintiff's Amended Complaint.

12.    Defendant denies the allegations contained in Paragraph 12 of Plaintiff's Amended Complaint.

13.    Defendant admits that upon reporting for work on March 13, 2006, Plaintiff complained that her work area was not cleaned by the machine operator from the prior shift, Vincent Temple. Defendant further admits that Plaintiff and Vincent Temple then engaged in a verbal altercation. Defendant further admits that Plaintiff did not work her shift that night. Defendant denies the remaining allegations contained in Paragraph 13 of Plaintiff's Amended Complaint.

14.    Defendant admits that Plaintiff was terminated on March 17, 2006 for lack of cooperation and arguing with Vincent Temple after previously receiving a written warning that future incidents of arguing or lack of cooperation/teamwork would result in disciplinary action up to and including termination. Defendant denies the remaining allegations in Paragraph 14 of Plaintiff's Amended Complaint.

15.    Defendant denies the allegations contained in Paragraph 15 of Plaintiff's Amended Complaint.

### III.  EXHAUSTION OF ADMINISTRATIVE REMEDIES

16.     Defendant admits that Plaintiff filed a Charge with the Equal Employment Opportunity Commission (EEOC), which, based on its investigation, was unable to conclude that the applicable statutes had been violated. Defendant further admits that Plaintiff has met her administrative requirements prior to filing her Title VII claim.

### COUNT I – Race Discrimination In Violation of Title VII and § 1981

17.     Defendant repeats, re-alleges, and incorporates by reference its responses to Paragraphs 1 through 16 of Plaintiff's Amended Complaint as if set forth fully herein. Additionally, Defendant denies the allegations contained in Paragraph 17 of Plaintiff's Amended Complaint.

18.     Defendant denies the allegations contained in Paragraph 18 of Plaintiff's Amended Complaint.

19.     Defendant denies the allegations contained in Paragraph 19 of Plaintiff's Amended Complaint.

### COUNT II – Sexual Harassment in Violation of Title VII

20.     Defendant repeats, re-alleges, and incorporates by reference its responses to Paragraphs 1 through 19 of Plaintiff's Amended Complaint as if set forth fully herein. Additionally, Defendant denies the allegations contained in Paragraph 20 of Plaintiff's Amended Complaint.

21. Defendant denies the allegations contained in Paragraph 21 of Plaintiff's Amended Complaint.

22. Defendant denies the allegations contained in Paragraph 22 of Plaintiff's Amended Complaint.

**COUNT III – Gender Discrimination In Violation of Title VII and U.S.C. § 1981**

23. Defendant repeats, re-alleges, and incorporates by reference its responses to Paragraphs 1 through 22 of Plaintiff's Amended Complaint as if set forth fully herein. Additionally, Defendant denies the allegations contained in Paragraph 23 of Plaintiff's Amended Complaint.

24. Plaintiff denies the allegations contained in Paragraph 24 of Plaintiff's Amended Complaint.

25. Plaintiff denies the allegations contained in Paragraph 25 of Plaintiff's Amended Complaint.

**PRAYER FOR RELIEF**

Defendant denies that Plaintiff is entitled to any relief in this action specifically including the relief requested in the Paragraph beginning "WHEREFORE," and/or any of its subparagraphs (a-j), and specifically denies that any unlawful acts were committed against the Plaintiff by Defendant.

**AFFIRMATIVE/ADDITIONAL DEFENSES**

1. Except to the extent expressly admitted above, Defendant denies the material allegations of Plaintiff's Amended Complaint and demands strict proof thereof.

2. In order to avoid waiver, Defendant states that Plaintiff's claims are barred, in whole or in part, under the applicable statutes of limitations and/or are untimely.

3. In order to avoid waiver, some or all of Plaintiffs' claims are barred by her failure to timely pursue and/or exhaust all required administrative remedies and/or to satisfy all necessary jurisdictional prerequisites to the filing of this suit.

4. Plaintiff has failed and neglected to use reasonable means to protect herself from loss and/or to minimize or mitigate the alleged losses and damages complained of in the Amended Complaint.

5. Plaintiff's Amended Complaint fails to state a claim on which relief may be granted as a matter of law for several reasons, including, but not limited to the fact that 42 U.S.C. § 1981 does not govern claims of sex-based discrimination or harassment.

6. All Defendant's actions or decisions with regard to Plaintiff were based on legitimate, non-discriminatory reasons.

7. Defendant denies that any unlawful acts were committed against Plaintiff. However, even assuming they occurred (which they did not), Defendant neither authorized nor ratified any alleged wrongful actions.

8.  Defendant is not liable for any of the alleged actions of its agents, servants and/or employees committed outside the scope of their employment.

9.  Plaintiff's claims are frivolous, vexatious and designed to harass, coerce and intimidate and Defendant is entitled to recover all attorneys fees, costs and other expenses incurred in defending against this case.

10.  Defendant denies that it was motivated by any unlawful animus when it made employment decision(s) with regard to Plaintiff. Defendant asserts, however, that it would have made the same employment decision(s) irrespective of any unlawful motive.

11.  With respect to Plaintiff's demand for punitive damages, Defendant specifically incorporates by reference any and all standards or limitations regarding the determination and/or enforceability of punitive damage awards which arose in the decision of *BMW of No. America v. Gore,* 116 U.S. 1589 (1996).

12.  Defendant may not be held liable for punitive damages as Defendant has undertaken good faith efforts to comply with state and federal laws and have never acted with malice or with reckless indifference to federally protected or related personal/civil rights.

13.  Plaintiff is not entitled to punitive damages under federal or Alabama law.

14.  In order to avoid waiver, Defendant avers that Plaintiff's claims are barred by the applicable statute of limitations, res judicata, collateral estoppel, laches, waiver, contributory negligence, release and/or estoppel.

15.  Any alleged damages may be limited due to after-acquired evidence.

16. Plaintiff has suffered no damages as a result of the matters alleged in the Amended Complaint.

17. Defendant neither authorized nor ratified the alleged unlawful actions by its employees.

18. In order to avoid waiver, Plaintiff is guilty of contributory negligence and willful misconduct.

19. The alleged harassment was not sufficiently severe or pervasive to constitute a hostile work environment.

20. Defendant exercised reasonable care to prevent and promptly correct any sexually harassing behavior and Plaintiff unreasonably failed to take advantage of any preventative or corrective opportunities provided to the employees and/or to avoid harm otherwise.

21. Plaintiff failed to give timely and/or material notice to Defendant regarding any sexual harassment complaint.

22. Defendant denies that Plaintiff's race was a motivating factor in any employment decision and preserves all affirmative defenses under 42 U.S.C. 2000e-(g)(2)(B)(i)-(ii).

23. Plaintiff cannot satisfy her burden of rebutting, by substantial evidence, Defendant's legitimate and nondiscriminatory reason(s) for its employment decision(s) regarding Plaintiff.

24. At the time of filing this Answer, Defendant has neither commenced nor completed discovery in this cause and respectfully reserves the right to amend this Answer based

on discovery of additional information or affirmative defenses as provided in the Court's scheduling order or otherwise allowed by the Court.

        Respectfully submitted,

        *s/ Robin A. Adams*
        David M. Smith
        Robin A. Adams
        Attorneys for Defendant, Genpak, L.L.C.

**OF COUNSEL:**
Maynard, Cooper & Gale, PC
1901 6th Avenue North
2400 AmSouth/Harbert Plaza
Birmingham, Alabama 35244
(205) 254-1000
(205) 254-1999 (Fax)

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the foregoing was electronically filed with the Clerk of Court using the CM/ECF system, which will send notification of such filing to the following:

    Janice Spears-Turk, Esq.
    2735 Office Park Circle
    Montgomery, Alabama 36116-1143

This the 18th day of January, 2007.

        *s/ Robin A. Adams*
        OF COUNSEL