IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUCILLE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. |
| | ) | 2:06 CV 946-MHT (WO) |
| GENPAK, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

## MOTION TO DISMISS FOR FAILURE TO PROSECUTE

Comes now Defendant Genpak, L.L.C. ("Genpak" or "Defendant") and in accordance with Rule 41(b) of the Federal Rules of Civil Procedure, and moves this Honorable Court to dismiss Plaintiff's claims for failure to prosecute. In support of its motion, Defendant states as follows:

1.      Plaintiff filed the present action on October 19, 2006.

2.      On February 2, 2007, Defendant served its First Interrogatories and Requests for Production and noticed Plaintiff's deposition for March 26, 2007.

3.      After Plaintiff failed to provide timely responses and/or objections to Defendant's discovery requests, defense counsel contacted Plaintiff's counsel several times to discuss the status of the responses and documents. During these discussions, defense counsel emphasized its need to receive and review Plaintiff's responsive information prior to taking Plaintiff's deposition. Despite these efforts, less than five days prior to the deposition, Plaintiff had still not provided any written responses or documents. Consequently, on March 21, 2007, Defendant notified Plaintiff's attorney via letter that due to Plaintiff's failure to provide the required responsive information, Plaintiff's deposition (previously set for March 26, 2007) would have to

be rescheduled and would have to be conducted after Plaintiff responded to Defendant's discovery requests. Enclosed with this letter was a re-notice for Plaintiff's deposition for April 5, 2007 – a date which Plaintiff's counsel confirmed worked for her and her client.

4.      However, Defendant was forced to cancel the April 5th deposition after receiving notice that, despite her previous representations, Plaintiff was not going to be available on that date. On March 28, 2007, Defendant re-noticed Plaintiff's deposition (a third time) for April 11, 2007.

5.      On March 30, 2007, Defendant finally received Plaintiff's responses to Defendant's discovery requests. After reviewing these responses, counsel for the Defendant sent a letter to Plaintiff's attorney outlining certain deficiencies in the responses and requesting that Plaintiff supplement her responses no later than April 5, 2007, to enable Defendant to adequately prepare for the deposition. Plaintiff provided no supplementation.

6.      Plaintiff's deposition began on April 11, 2007. Notwithstanding Defendant's numerous requests that Plaintiff supplement her discovery responses and produce all responsive documentation prior to her deposition, Plaintiff testified in deposition that she was in possession of additional information that, to date, she had failed to provide. Further, several times during the deposition, Plaintiff refused to answer specific questions relevant to the claims and defenses at issue in this case. Due to these events, Defendant kept the record of Plaintiff's deposition open and reserved the right to finish her deposition after Plaintiff provided the outstanding discovery documents and information. Counsel for the Plaintiff did not object.

7.      The parties agreed that Plaintiff's deposition would be completed on April 24, 2007 and on April 13th Defendant sent Plaintiff a re-notice of deposition to this effect.

8.      On April 17, 2007, Plaintiff's counsel informed defense counsel that despite the

prior agreement, Plaintiff had recently informed her counsel that she was no longer available on April 24th to complete her deposition as scheduled.

      9.     On April 17, 2006, working with Plaintiff's counsel to find another mutually agreeable date/time, Defendant re-noticed Plaintiff's deposition for May 1, 2007 and sent it with a cover letter via facsimile and U.S. mail to Plaintiff's counsel.

      10.    On April 18, 2007, Plaintiff's counsel filed a motion for withdraw as counsel for Plaintiff stating that there had "been a significant breakdown in the attorney-client relationship" and that they had "come to an impasse" regarding how to proceed in the case.

      11.    On April 23, 2007, the Court entered an Order granting Plaintiff's counsel's motion to withdraw and instructing the Plaintiff that absent notice that Plaintiff had retained new counsel by May 21, 2007, the court would assume that Plaintiff was continuing *pro se*.

      12.    After receiving and reviewing the Court's Order and mindful of the fact that Plaintiff's deposition was scheduled to be completed on May 1, 2007, defense counsel tried numerous times to contact Plaintiff to determine if she planned to seek new counsel (which would require postponing the deposition) or if she intended to proceed *pro se*, in which case the deposition could go forward as scheduled. Defense counsel left no less than five voice mails at the number Plaintiff provided on her Complaint and which was confirmed by the office of Plaintiff's previous attorney. Not one of these calls or messages was returned. Unable to reach Plaintiff by phone, on April 26, 2007, defense counsel sent Plaintiff a letter via overnight mail noting the numerous attempts to contact Plaintiff and requesting that Plaintiff inform counsel for Defendant as to whether she intended to attend her deposition scheduled for May 1. (*See* the April 26, 2007 letter attached hereto as Exhibit A.)

      13.    Plaintiff never responded to Defendant's April 26th letter or previous voice mails.

Consequently, Defendant was forced, <u>again</u>, to cancel Plaintiff's deposition.

14.    On May 22, 2007, having still heard nothing from Plaintiff, nor from any new attorney on her behalf, defense counsel made another (unsuccessful) attempt to call Plaintiff, left her a message, and sent her a letter explaining that since May 21, 2007 had passed and there had been no appearance by new counsel on her behalf, the Defendant was left to assume that she intended to proceed with her suit unrepresented (*i.e.*, *pro se*). (*See* the May 22, 2007 letter attached hereto as Exhibit B.) Additionally, Defendant reminded Plaintiff that the discovery deadline is June 29, 2007, and that the parties needed to make arrangements to complete her deposition as soon as possible. The letter requested that Plaintiff contact counsel for the Defendant no later than Tuesday, May 29, 2007, to discuss these issues and noted that if Plaintiff failed to respond, the Defendant may have to seek assistance from the Court.

15.    May 29th came and went without a word from Plaintiff. Therefore, defense counsel made yet another attempt to call Plaintiff and after leaving another message requesting a return call to discuss her case, sent her a letter and a (sixth) re-notice for her deposition on June 13, 2007. (*See* the May 29, 2007 letter attached hereto as Exhibit C.)[1] This letter urged Plaintiff to contact opposing counsel to discuss this case and confirm that she would attend the deposition. Further, the letter reiterated that if Plaintiff continued to ignore Defendant's attempts to communicate with her about this case, Defendant would have no other choice than to seek relief from the Court.

16.    Plaintiff provided absolutely no response to Defendant's May 29th letter or any of the other letters or numerous phone calls. On June 8, 2007, Defendant sent Plaintiff a final letter

---

[1] Unlike the other letters, the May 29th letter was sent to Plaintiff via U.S. Certified Mail, as opposed to overnight mail. On June 19, 2007, this letter was "returned to sender" and reflected failed attempts to deliver on May 30, June 5 and June 15, 2007. Upon information and belief, all of the correspondence sent via overnight mail was signed for and received.

via overnight mail cancelling her deposition and notifying her that she had left Defendant with no other option than to seek relief from the Court. In closing, defense counsel made one last plea for Plaintiff to make contact with opposing counsel to discuss her case so the parties could complete discovery as required by the Federal Rules of Civil Procedure and by the Court's Scheduling Order. To this day, Plaintiff has never responded to a single one of Defendant's multiple requests.

17.    Rule 41(b) of the Federal Rules of Civil Procedure provides that "[f]or failure of the plaintiff to prosecute or to comply with these Rules or any order of the court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed.R.Civ.P. 41. The district court's "power to dismiss is an inherent aspect of its authority to enforce its orders and ensure prompt disposition of lawsuits." *Jones v. Graham,* 709 F.2d 1457, 1458 (11th Cir. 1983).

18.    Despite the repeated actions taken by Defendant to advance this litigation, the case has completely stalled because of Plaintiff's complete disregard for her obligations in discovery and consistent refusal to communicate with defense counsel, much less take any meaningful step to push this litigation forward. Defendant has been significantly prejudiced by Plaintiff's failure to prosecute her case and, therefore, respectfully requests that this Honorable Court exercise its inherent authority to dismiss this action with prejudice for lack of prosecution.

Respectfully submitted,

s/ *Robin A. Adams*
Robin A. Adams
One of the Attorneys for Defendant
Genpak, L.L.C.

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:    205.254.1000
Facsimile:    205.254.1999
Email: radams@maynardcooper.com

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on June 21, 2007, a true and correct copy of the foregoing was served via United States Postal Service, first class certified mail, postage prepaid to the following:

**Lucille Hall**
**6124 Fuller Rd**
**Montgomery, AL  36110**

                                            *s/ Robin A. Adams*_____
                                            OF COUNSEL

# EXHIBIT A



MAYNARD COOPER
& GALE PC
ATTORNEYS AT LAW

R   . Adams
DIRECT: (205) 254-1105
EMAIL: radams@maynardcooper.com

April 26, 2007

**VIA OVERNIGHT MAIL**

Lucille Hall
6124 Fuller Road
Montgomery, AL  36110

> Re:  **Lucille Hall v. Genpak, L.L.C.**
> **Civil Action No: 2:06 CV 946-MHT (WO)**

Dear Ms. Hall:

I have made numerous attempts to contact you via phone and have left several messages regarding this case and your upcoming deposition, which has been noticed for May 1, 2007. Despite these repeated attempts, I have not received any response from you. Please call me as soon as possible. It is critical that we speak prior to Tuesday, May 1, 2007. If you do not reach me directly at the office, please leave me a message, including your name and a number at which I can reach you, and I will return you call as soon as possible.

I look forward to hearing from you.

Sincerely yours,

Robin A. Adams

RAA/dsl

cc:    David M. Smith, Esq.

# EXHIBIT B

# MAYNARD COOPER
##              & GALE PC
### ATTORNEYS AT LAW

R.   d Adams
DIRECT: (205) 254-1105
EMAIL: radams@maynardcooper.com

May 22, 2007

### VIA OVERNIGHT MAIL

Lucille Hall
6124 Fuller Road
Montgomery, AL  36110

      **Re:**    **Lucille Hall v. Genpak, LLC**
               **Civil Action No: 2:06 CV 946-MHT (WO)**

Dear Ms. Hall:

      I have tried to contact you several times since April 23, 2007 when Judge Thompson granted Ms. Spears-Turk's Motion to Withdraw from this case. Despite my numerous efforts to contact you to discuss these matters, to this day I have not heard back from you. As I explained in my voice mail messages and letters, I need to discuss your case with you and understand how you intend to proceed.  As you know we were forced to cancel your deposition which had been scheduled and noticed for May 1, 2007 because we were unable to confirm your attendance and/or to discuss your intentions for proceeding in this matter.

      As I have emphasized in all my previous attempts at reaching you, it is very important that you contact me to discuss your case so that we can make arrangements to complete the necessary discovery prior to the deadline of June 29, 2007 set by the Court.  Since there is no indication that you have obtained new counsel, the Court (as noted in Judge Thompson's April 23, 2007 Order), as well as the Defendant, assume that you intend to represent yourself.

      Ms. Hall, please call me as soon as possible to discuss these matters.  If I am not at my desk, please leave a message including your name, phone number and a good time to reach you and I will call you back.  If I do not hear back from you by Tuesday, May 29, 2007, Defendant may be forced to seek assistance from the Court.

                              Sincerely yours,

                              Robin A. Adams

RAA/dsl

cc:    David M. Smith, Esq.

1901 SIXTH AVENUE NORTH   2400 AMSOUTH/HARBERT PLAZA   BIRMINGHAM, ALABAMA 35203-2618   205.254.1000   FAX 205.254.1999

WWW.MAYNARDCOOPER.COM

# EXHIBIT C



**MAYNARD COOPER & GALE PC**
ATTORNEYS AT LAW

Robin Adams
DIRECT: (205) 254-1105
EMAIL: radams@maynardcooper.com

May 29, 2007

**VIA CERTIFIED MAIL**

Lucille Hall
6124 Fuller Road
Montgomery, AL  36110

      Re:    **Lucille Hall v. Genpak, LLC**
              **Civil Action No: 2:06 CV 946-MHT (WO)**

Dear Ms. Hall:

      Enclosed is a re-notice for your deposition for June 13, 2007.  I have tried without success on numerous occasions to contact you via telephone and letter regarding the scheduling of this deposition.  As you know, according to the Scheduling Order entered by the Court, the cut-off for discovery in this matter is June 29, 2007.

      Ms. Hall, please call or contact me as soon as possible to discuss to confirm that you will attend this deposition.  If I am not at my desk, please leave a message including your name, phone number and a good time to reach you and I will call you back.  If you fail to respond to this request, the Defendant will seek relief from the Court.

                        Sincerely yours,

                        Robin A. Adams

RAA/dsl
Enclosure

cc:    David M. Smith, Esq.

## IN THE UNITED STATES DISTRICT COURT FOR THE
## MIDDLE DISTRICT OF ALABAMA
## NORTHERN DIVISION

| | | |
|---|---|---|
| **LUCILLE HALL,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **CIVIL ACTION NO.** |
| | ) | **2:06 CV 946-MHT (WO)** |
| **GENPAK, L.L.C.,** | ) | |
| | ) | |
| **Defendant.** | ) | |

## RE-NOTICE OF DEPOSITION

YOU ARE HEREBY NOTIFIED that on **Wednesday, June 13, 2007,** beginning at 9:00 a.m., at the Law Offices of Maynard, Cooper & Gale, The RSA Tower, 201 Monroe Street, Suite 1650, Montgomery, Alabama 36104, Defendant will resume the deposition of **Lucille Hall**, upon oral examination pursuant to Rule 30 of the Federal Rules of Civil Procedure, before a Notary Public or other officer authorized by law to administer oaths, for the purpose of discovery, or for use as evidence, or for both purposes. Said oral examination will continue from time-to-time until completed.

YOU ARE HEREBY FURTHER NOTIFIED, pursuant to the Federal Rules of Civil Procedure, that deponent Lucille Hall is requested to bring to the deposition for inspection and copying any and all documents regarding any communications with Defendant, and/or any of its employees, agents, or assigns, and any and all documents that deponent or her attorney possesses that they intend to introduce in the trial of this action or will consider introducing in the trial of this action and any and all documents that relate in any way to the claims made in this case.

As used in these requests, the word "documents" means all writing or documents as defined in Rule 34 of the Federal Rules of Civil Procedure and case law under such Rule, including, without limitation, the original or any copy of any notes, records, business records, compilations, correspondence, memoranda (including written memoranda or tapes of telephone conversations, other communications, discussions, agreements and any other acts, transactions or activities), invoices, expense vouchers, reports, forecasts, appraisals, calculations, worksheets, contracts, agreements, pamphlets, receipts, books of account, log books, requisitions, bills, sound recordings, minutes, diaries, bylaws, articles of incorporation, calendars, desk pads, scrap books, notebooks, bulletins, circulars, forms, statements, journals, telegrams, notices, interoffice and intraoffice communications, Photostats, microfilms, studies, reports, analyses, messages, comparisons, graphs, charts, summaries, computer printouts, computer tapes or disks, computer programs, films, photographs, video and audio tapes, advertisements, and any other written or graphic matter of any kind including without limitation, any marginal comments appearing on any documents or any other writing, and any materials underlying, supporting or used in the preparation of any documents.

_____
Robin A. Adams
One of the Attorneys for Defendant
Genpak, L.L.C.

**OF COUNSEL:**

MAYNARD, COOPER & GALE, P.C.
2400 AmSouth/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203-2618
Telephone:    205.254.1000
Facsimile:    205.254.1999
Emails:        radams@maynardcooper.com

## CERTIFICATE OF SERVICE

I hereby certify that on May 29, 2007, a true and correct copy of the foregoing was served via United States Postal Service, first class, certified mail postage prepaid to the following:

**Lucille Hall**
**6124 Fuller Rd**
**Montgomery Al 36110**

_____
OF COUNSEL