IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

**MOTION GRANTED**

THIS *2nd* DAY OF *November*, 20 *07*

_____
UNITED STATES MAGISTRATE JUDGE

| | |
|---|---|
| LUCILLE HALL, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | )  CIVIL ACTION NO. |
| | )  2:06 CV 946-MHT (WO) |
| GENPAK, L.L.C., | ) |
| | ) |
| Defendant. | ) |

## DEFENDANT GENPAK'S UNOPPOSED MOTION TO EXTEND DEADLINES

Comes now Defendant Genpak, LLC. ("Genpak" or "Defendant") and respectfully requests that this Honorable Court extend the dispositive motion and discovery deadlines in this matter by thirty (30) days. In support of this motion, Defendant states the following:

1.    On August 29, 2007, the Court entered a Scheduling Order in this matter which set forth the following deadlines:    Dispositive Motions - November 13, 2007 and Discovery cut-off - December 20, 2007.

2.    On September 5, 2007, Defendant filed a Motion to Compel Plaintiff to sign a HIPAA Medical Release.[1] (Doc. 34)

3.    On September 24, 2007, the Court entered an order granting Defendant's Motion to Compel and directing Plaintiff to sign the HIPAA compliant medical release attached to the Motion and return it to the Defendant on or before October 4, 2007. (Doc. 36). Plaintiff failed to comply with this order.

4.    On October 9, 2007, after several failed attempts to contact Plaintiff, Defendant was forced to file a Motion to Dismiss Plaintiff's Claims due to Plaintiff's failure to comply with

---

[1] Defendant's previous attempts to have Plaintiff sign such a release were unsuccessful. Therefore, Defendant sought relief through the Court.

the Court's September 24, 2007 Order, lack of prosecution and general refusal to communicate with defense counsel regarding discovery issues. (Doc. 37).

5.     Finally, on October 22, 2007, after nearly two months of Defendant's diligent pursuit, Plaintiff provided Defendant with a HIPAA release.

6.     Defendant immediately forwarded this release to Plaintiff's medical and counseling providers with requests for the documents relevant to Plaintiff's claims. Defendant needs the medical and counseling information from these third-parties to adequately prepare for and to efficiently take Plaintiff's deposition. Upon information and belief, it will take approximately 20-30 days to ensure that Defendant receives full responses from these third-parties and conduct any follow-up necessary.

7.     Plaintiff's delay in providing the HIPAA release for these relevant records coupled with her general disinclination to communicate with defense counsel has severely hampered Defendant's ability to schedule Plaintiff's deposition prior to the upcoming dispositive motion deadline.

8.     Defense counsel has recently discussed extending the current deadlines with Plaintiff. In response, Plaintiff stated that she has no objection to Defendant requesting such extensions in order to give the parties additional time to conduct depositions prior to the dispositive motion deadline.

WHEREFORE, PREMISES CONSIDERED, Defendant respectfully requests that this Honorable Court extend the dispositive motion and discovery deadlines for thirty (30) days, thus setting the new deadlines as follows: Dispositive motions due on or before December 13, 2007 and Discovery Cut-off on January 20, 2008.

Respectfully submitted,


/s/ Robin A. Adams
David M. Smith
Robin A. Adams
Attorneys for Defendant Genpak, L.L.C.


OF COUNSEL:
MAYNARD, COOPER & GALE, P.C.
2400 Regions/Harbert Plaza
1901 Sixth Avenue North
Birmingham, Alabama 35203
(205) 254-1000


## CERTIFICATE OF SERVICE

I hereby certify that on the 23rd day of October, 2007, a copy of the foregoing was served via certified first-class mail, postage prepaid, to:

Ms. Lucille Hall
6124 Fuller Rd
Montgomery Al 36110


/s/ Robin A. Adams
OF COUNSEL