IN THE DISTRICT COURT OF THE UNITED STATES
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | | |
|---|---|---|
| LUCILLE HALL, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CIVIL ACTION NO. 2:06cv946-MHT |
| | ) | (WO) |
| GENPAK, L.L.C., | ) | |
| | ) | |
| Defendant. | ) | |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

By order entered September 24, 2007, the undersigned Magistrate Judge directed plaintiff to sign a HIPAA release and provide it to defendant's counsel by October 4, 2007. On October 10, 2007, defendant filed a motion to dismiss this cause of action for plaintiff's failure to prosecute, asserting that plaintiff had failed to comply with the order. In her response, plaintiff indicated that she had faxed the signed release to defense counsel's office on October 2, 2007, and mailed the original document to defense counsel on October 3, 2007. However, the authorizations attached to the facsimile transmittal receipt filed with the response pertain to personnel records. (Doc. # 39). Defense counsel subsequently provided another copy of a HIPAA release to plaintiff; plaintiff signed and provided this release to counsel on October 22, 2007. (Docs. # 40, 41). Thereafter, defense counsel sought and was allowed an extension of the dispositive motion and discovery deadlines, to account for the delay occasioned by plaintiff's failure to provide the signed HIPAA release in a timely manner. (Docs. ## 40, 41).

The Federal Rules of Civil Procedure allow the court to impose sanctions for a party's

failure to obey a discovery order. Fed. R. Civ. P. 37(b)(2). "The district court also has broad authority under Rule 37 to control discovery, including dismissal as the most severe sanction." Gratton v. Great American Communications, 178 F.3d 1373, 1374 (11th Cir. 1999). However, "'dismissal is warranted only where noncompliance with discovery orders is due to willful or bad faith disregard for those orders.'" Wouters v. Martin County, Fla., 9 F.3d 924, 933-34 (11th Cir. 1993)(quoting Cox v. American Cast Iron Pipe Co., 784 F.2d 1546, 1556 (11th Cir.), cert. denied, 479 U.S. 883, 107 S.Ct. 274, 93 L.Ed.2d 250 (1986)).

Rule 41(b) of the Federal Rules of Civil Procedure provides that "for failure of the plaintiff to prosecute or to comply with these rules or any order of court, a defendant may move for dismissal of an action or of any claim against the defendant." Fed. R. Civ. P. 41(b). A district court may dismiss a case pursuant to Rule 41(b) only "as a last resort, when: (1) a party engages in a clear pattern of delay or willful contempt (contumacious conduct); and (2) the district court specifically finds that lesser sanctions would not suffice." World Thrust Films, Inc v. International Family Entertainment, Inc., 41 F.3d 1454, 1456 (11th Cir. 1995).

Upon consideration of the record, it appears that plaintiff's failure to comply with the discovery order of this court was not willful, but was caused by plaintiff's confusion regarding the nature of the HIPAA release.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that defendant's motion to dismiss (Doc. # 37) be DENIED.

The Clerk of the Court is ORDERED to file the Recommendation of the Magistrate Judge and to serve a copy on the parties to this action. The parties are DIRECTED to file

any objections to this Recommendation on or before November 19, 2007. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation objected to. Frivolous, conclusive or general objections will not be considered by the District Court.

Failure to file written objections to the proposed findings and recommendations in the Magistrate Judge's report shall bar the party from a *de novo* determination by the District Court of issues covered in the report and shall bar the party from attacking on appeal factual findings in the report accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. Resolution Trust Co. v. Hallmark Builders, Inc., 996 F.2d 1144, 1149 (11th Cir. 1993); Henley v. Johnson, 885 F.2d 790, 794 (11th Cir. 1989).

DONE, this 6th day of November, 2007.

/s/ Susan Russ Walker
SUSAN RUSS WALKER
UNITED STATES MAGISTRATE JUDGE